**Tameka BLACKSTONE, Plaintiff–Appellant,**

v.

**CHASE MANHATTAN MORTGAGE CORP. et al., Defendants– Appellees.**

**No. 12–30351 Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

Dec. 18, 2012.

David Christopher Whitmore, Esq., Scheuermann & Jones, L.L.C., New Orleans, LA, for Plaintiff–Appellant.

Barry Herbert Grodsky, Middleberg, Riddle & Gianna, Larry E. Demmons, Jen-

nifer Rebekah Warden, Taggart Morton, L.L.C., New Orleans, LA, for Defendants– Appellees.

Before STEWART, Chief Judge, and OWEN and GRAVES, Circuit Judges.

PER CURIAM: *

Plaintiff–Appellant Tameka Blackstone purchased property in New Orleans in October 2003. In August 2005, Blackstone incurred significant flood damage to that property as a result of Hurricane Katrina.

Defendant–Appellee Chase Home Finance, L.L.C., and affiliated entities Chase Manhattan Mortgage Corporation and JP Morgan Chase Bank, N.A. (collectively, "Chase"), held a mortgage on the property. From October 2003 to October 2004, Defendant–Appellee Liberty Mutual Fire Insurance Co. ("Liberty") had insured the property for flood damage pursuant to a "Standard Flood Insurance Policy," within the meaning of the National Flood Insurance Act of 1968. *See* 42 U.S.C. § 4001 *et seq.* The policy had been purchased with premiums paid by Chase to Liberty from an escrow account funded by Blackstone.

Under the mortgage agreement, Chase could use the escrow funds to purchase flood insurance at its discretion. After the first year of the mortgage, Chase declined to continue coverage. While Chase did not expressly notify Blackstone that it had declined to renew coverage, Chase provided her with, *inter alia,* escrow account statements evidencing that it had ceased mak-

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

ing premium payments towards the flood policy.

Liberty notified Blackstone that the flood policy was up for renewal and provided her with the specific date that coverage was set to lapse. However, Liberty did not provide Blackstone with subsequent notice when the coverage actually lapsed.

Blackstone never renewed coverage. She was without flood insurance coverage at the time of the damage to her property resulting from Hurricane Katrina.

In November 2010, Blackstone filed suit in state court against Liberty and Chase. Blackstone alleged that Liberty had failed to notify her that Chase had declined to renew coverage and, therefore, that Liberty should be equitably estopped from denying her coverage. Blackstone also alleged that she had detrimentally relied upon representations from Chase suggesting that her property remained covered at the time of Hurricane Katrina.

Liberty and Chase removed to federal court in December 2010. They moved for summary judgment in September 2011. The district court granted summary judgment in favor of Liberty and Chase. Blackstone appeals herein.

After reviewing the record, the applicable statutory and case law, and the district court's summary judgment and reasoning, we AFFIRM the district court's judgment and adopt its analysis in full.